GARY B. BERTONI, OSB #78141
BERTONI LAW, PC
520 SW Yamhill Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 243-2035
Facsimile: (503) 243-6307
Email: gbertoni@gbertonilaw.com

Attorney for Defendant Michael Thomas Ragnone

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**MICHAEL THOMAS RAGNONE,**<br><br>    **Defendant.** | 3:11-cr-00323-MO-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant Michael Ragnone, by and through his attorney, Gary B. Bertoni, presents this memorandum in support of his requested sentence.

## I.    DEFENDANT'S SENTENCING RECOMMENDATION

Mr. Ragnone is recommending that the court impose a sentence of 151 months term of imprisonment to be followed by a five-year term of supervised released. This recommendation is in accordance with the Plea Agreement, ¶ 12.

## II.    SUMMARY OF PROCEEDINGS

Mr. Ragnone agrees with the government's summary of proceedings in so far as it pertains to the procedural history of the case.

In addition to the arrest, conviction, and sentence of co-defendant Robert Berecek, defendant's suppliers were also arrested. Fidel Mendoza-Lopez, "Tahoe", was convicted and sentenced to a prison term of 120 months on his plea of Distribution of Methamphetamine in an amount exceeding 50 grams of actual methamphetamine, in violation of 21 U.S.C. 841 (a)(1) and (b)(1)(A). Victor Delgado Molina, the defendant's principle supplier, plead guilty to Conspiracy to Distribute Methamphetamine in amount exceeding 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.846 § 841(a)(10 and (b)(1)(A)(viii). Mr. Delgado-Molina is pending sentencing. According to his plea agreement, "the parties anticipate an adjusted offense level of 29 with a guideline range of 87-108 months" and the defendant may ask for a sentence of 70 months.

The defendant takes exception to the government's assertion that he aided and abetted another individual in the use of a fraudulent credit card in July 2012 or that he provided his girlfriend methamphetamine while she was housed at the Coffee Creek Correctional Facility. In fact, within the last week, information was developed that would rebut the accusation the defendant supplied methamphetamine to his incarcerated girlfriend.

The United States Probation Office completed a Presentence Report (PSR). The defendant agrees with the criminal history analysis. The defendant does not agree with the guideline calculations or factual summary as it pertains to facts concerning alleged criminal conduct committed during his pre-trial release, possession of firearms, and allegations of domestic violence. Information was just received within the last week that needs verification that addresses criminal conduct during his pre-trial release, possession of firearms, alleged domestic violence, and mental health.

### III.     FACTUAL BACKGROUND

The government's factual summary is accurate.

### IV.   ADVISORY SENTENCING GUIDELINES ANAYLYSIS

**A.   Relevant Conduct:**

Mr. Ragnone agreed in his plea agreement to relevant conduct of 2,1999 grams of actual methamphetamine for a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1).

**B.   Specific Ofense Characteristics and Adjusmtnes:**

Firearm Enhancement:  The firearm enhancement should not be applied in the present case.

Mr. Ragnone did not stipulate to the enhancement nor to any underlying facts.  *United States v. Ameline*, 471 F. 3d 1110 (9th Cir. 2005).  There is no credible evidence that Mr. Ragnone knowingly possessed the firearms listed in the PSR and plea agreement.

Leadership Role:  Mr. Ragnone agreed in his plea agreement to the two-level upward adjustment for leadership role. Plea Agreement ¶ 12.

**C.   Acceptance of Responsibility:**

Mr. Ragnone submits he is eligible, at a minimum, for a 2 level reduction for acceptance of responsibility.  Mr. Ragnone clearly demonstrated acceptance of responsibility for criminal conduct.  He admitted his conduct in a timely manner.

**D.   Forfeiture & Money Judgment**

The government correctly states in its sentencing memorandum the forfeiture and money judgment agreement.

**E.   Defendant's Guideline Calculations**

Mr. Ragnone believes his guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level | 38 |
| Leadership Role | +2 |
| Chap 5 | -2 |

|   |   |
|---|---|
| Acceptance | -2 |
| Total Offense Level | 36 |
| CHC | I |
| SGL Range | 168 -210 |

**V.     SENTENCE PURSUANT TO 18 U.S.C. § 3553(a) :**

When sentencing a defendant, a district court "must consider all sentencing facts enumerated in 18 U.S.C. § 3553(a)." *United States v. Harris*, 490 F.3d 589, 593 (7th Cir. 2007).

Those factors include:

> (1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)     the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correction treatment in the most effective manner;
> (3)     the kinds of sentences available;
> (4)     the sentencing guidelines range;
> (5)     any pertinent policy statements issued by the Sentencing Commission;
> (6)     the need to avoid unwarranted sentence disparities; and
> (7)     the need to provide restitution to any victims of the offense.

In making a determination as to the appropriate sentence, the district court may not presume that the sentence suggested by the advisory Sentencing Guidelines fulfills the statutory purpose. *See Rita v. United States,* 551 U.S. 338, 351 (2007) ("the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"); *United States v. Demaree,* 459 F.3d 791, 794-95 (7th Cir. 2006).[1]

---

[1] Although the advisory Sentencing Guidelines are to be consulted in determining what constitutes a reasonable sentence, the district court "must sentence based on 18 U.S.C. §3553(a) without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier,* 491 F.3d 680, 685 (7th Cir. 2007). There is a "range of reasonable sentences" from which a district court may choose in imposing a sentence. *United States v. Talley,* 431 F.3d 784, 788 (11th Cir. 2005).

The advisory Sentencing Guidelines are the starting point for the district judge in seeking to decide on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 49 (2007); *Kimbrough v. United States,* 552 U.S. 85, 108 (2007). As such, the Guidelines serve as a benchmark for the sentencing judge. *Id.* However, at the same time, the Guidelines are completely advisory, not mandatory. *Gall,* 552 U.S. at 46; *Kimbrough,* 552 U.S. at 90, 101. A district judge should not presume that an advisory Sentencing Guideline range of imprisonment is reasonable. *Gall,* 552 U.S. at 50. For the sentencing judge, the Guidelines are only one fact to be considered in weighing a sentence will achieve the goals set by 18 U.S.C. §3553(a)(2). *Kimbrough,* 552 U.S. at 90; *United States v. Autery,* 555 F. 3d 864, 872 (9th Cir. 2009) ("the Guidelines range constitutes only a touch-stone in the district court's sentencing considerations"). Moreover, although sentencing disparity is to be avoided, the ultimate determination of the sentence to be imposed on an individual must be "an individualized" determination based on the particular characteristics of the individual and the facts and circumstances of the particular case before the court. *Gall,* 552 U.S. at 50.

Furthermore, the Ninth Circuit has specifically held that the district court is free to reject any provision of the advisory guidelines, including the career offender provision of §4K1.1. *United States v. Mitchell,* 624 F. 3d 1023, 1030 (9th Cir. 2010) ("…sentencing judges can reject *any* Sentencing guideline, provided that the sentence imposed is reasonable"). District courts may also reject an advisory guideline provision because the Court disagrees with the policy underlying the provision. See, e.g. *Spears v. United States,* 555 U.S. 261 (2009) (crack ratio); *United States v. Henderson,* 649 F.3d 955, 963 (9th Cir. 2011)(child pornography and career offender enhancements).

---

Moreover, the weight to be accorded any given §3553(a) factor is a matter to the sound discretion

- 5 –DEFENDANT'S SENTENCING MEMORANDUM

**A.     Unwarranted Sentence Disparities:**

The government's recommended sentence of 210-months imprisonment constitutes an unwarranted sentence disparity between similarly situated defendants, namely Fidel Mendoza-Lopez, *United States v. Fidel Mendoza-Lopez*, 11-cr-324-HZ, and Victor Delgado Molina, *United States* v. Victor Delgada-Molina, 3:11-cr-00435-HZ.  As previously stated, each of these individuals were the primary sources for the defendant and were responsible for moving pounds of methamphetamine.

**B.     Gambling Addiction:**

An additional factor that supports the defendant's recommendation of 151 months includes Mr. Ragnone's addiction to gambling. See, PSR ¶ 56c and 58 and Recommended Conditions of Supervision, "The defendant shall not gamble."  Mr. Ragnone recognizes that in part his bad judgments and criminal actions stem from a gambling addiction and added to fuel his gambling addiction.

A gambling addiction is recognized as grounds for departure under U.S.S.G. § 5K2.13.  A sentence adjustment is warranted where a defendant's gambling disorder motivate the criminal behavior. *United States V. Sadosky*, 234 F.3d 938, 943 (6th Cir. 2000).  Sentencing consideration is within the discretion of the court when a gambling addiction significantly reduces the de defendant's mental capacity. *United States v. Liu*, 267 F.Supp.2d 371 (D.D.N.Y.2003).  The "gathering of funds for gambling" is a basis for sentencing consideration. *United States v. Checoura*, 176, F.Supp.2d 310, 315 (D.N.J.2001).

---

of the district court. *See United States v. Fernandez,* 443 F.3d 19,32 (2d Cir. 2006).

- 6 –DEFENDANT'S SENTENCING MEMORANDUM

For the purposes of this sentencing memorandum it is not necessary to elaborate on the legal finding that a gambling addiction requires special consideration at sentencing. However, it is illustrative to note that the DMS does not recognize gambling as an addiction. The DSM IV's criteria for pathological gambling are as follows:

1) is preoccupied with gambling (e.g., preoccupied with relieving past gambling experiences, handicapping or planning the nest venture, or thinking of ways to get money with which to gamble).
2) Needs to gamble with increasing amounts of money in order to achieve the desired excitement.
3) Has replaced unsuccessful efforts to control, cut back, or stop gambling.
4) Is restless or irritable when attempting to cut down or stop gambling.
5) Gambles as a way of escaping from problems or of relieving a dysphoric mood (e.g., feelings of helplessness, guilt, anxiety, depression).
6) After losing money gambling, often returns another day to get even ("chasing" one's losses).
7) Lies to family members, therapist, or others to conceal the extent of involvement with gambling.
8) Has committed illegal acts such as forgery, fraud, theft, or embezzlement to finance gambling.
9) Ha jeopardized or lost a significant relationship, job, or educational or career opportunity because of gambling.
10) Relies on others to provide money to relieve a desperate financial situation caused by gambling.

## VI.   CONCLUSION

The guidelines are advisory, and a sentence under the guidelines produces an unfair and unreasonable sentence that is greater than necessary. Accordingly, Mr. Ragnones respectfully submits a sentence in of 151 months is reasonable after a thorough consideration of all of the goals of 18 USC §3553(a).

Respectfully submitted this 6th day of April 2013.

                                                                     s/ Gary B. Bertoni
                                                    _____
                                                    GARY B. BERTONI, OSB #78141
                                                    Bertoni Law PC

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the attorney (s) of record for the defendant.

/s/**Ryan A. Kovac**

LA to Gary B. Bertoni